UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>HMH CONSTRUCTION, LLC,<br><br>Debtor. | Dist. Case No. 1:25-cv-00547-AKB<br><br>Adversary Case No. 25-06003-BPH<br><br>Bankruptcy Case No. 23-00191-BPH |
| TIMOTHY R. KURTZ, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>HOWE MOTORSPORTS LLC, a Tennessee Limited Liability Co., and JIM HOWE,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court is Defendants Howe Motorsports, LLC, and Jim Howe's Motion to Withdraw Reference (Dkt. 1). Having reviewed the record and the parties' submissions, the Court finds that the facts and legal argument are adequately presented and that oral argument would not significantly aid the decisional process. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); Fed. R. Civ. P. 78(b). For the reasons set forth below, the Court grants the motion in part and will withdraw the reference when the bankruptcy court certifies the case ready for trial.

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

This adversary proceeding arises from alleged transfers of funds from HMH Construction, LLC, to Howe Motorsports, LLC, and Jim Howe totaling approximately $890,000 to 920,000 (Adv. Proceeding, Dkt. 1 at ¶¶ 21-22). The Trustee alleges the transfers were made without valid consideration and seeks to avoid them as fraudulent transfers under 11 U.S.C. §§ 544(b)(1), 548(a)(1), 550, 28 U.S.C. § 3304, and Idaho Code §§ 55-913–914 (Adv. Proceeding, Dkt. 1 at Counts One–Six). The Trustee further alleges that this proceeding is core or that the non-core matters are so closely intertwined with core bankruptcy functions that they should be adjudicated by the bankruptcy court (*id*. at ¶ 2). Defendants deny those allegations and expressly withhold consent to entry of final judgment by the bankruptcy court (Adv. Proceeding, Dkt. 8 at ¶ 2).

Defendants now move to withdraw the reference, contending that the claims are constitutionally non-core and that they are entitled to a jury trial before an Article III court. The Trustee opposes the motion.

## LEGAL STANDARD

District courts have original jurisdiction over all bankruptcy cases and proceedings. 28 U.S.C. § 1334(a). Under 28 U.S.C. § 157(a), this Court has referred all bankruptcy matters to the bankruptcy judges of this district. *See* Third Amended General Order (Apr. 24, 1995). That reference, however, may be withdrawn. Section 157(d) provides two avenues for withdrawal:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

In this case, Defendants seek permissive withdrawal.

MEMORANDUM DECISION AND ORDER - 2

Permissive withdrawal requires a showing of "cause." In evaluating cause, courts in the Ninth Circuit consider five factors: (1) efficient use of judicial resources; (2) delay and cost to the parties; (3) uniformity of bankruptcy administration; (4) prevention of forum shopping; and (5) other related factors, including *inter alia* whether the matter is core or non-core and whether a jury trial right exists. *Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1008 (9th Cir. 1997); *Rosenberg v. Harvey A. Bookstein*, 479 B.R. 584, 587 (D. Nev. 2012). The first four factors are straightforward, so the Court focuses on other related factors.

## ANALYSIS

### A.    Jury Trial Right and Core Classification

Defendants argue withdrawal is warranted for two reasons: First, they claim a jury trial right exists on the fraudulent transfer claims that cannot be exercised in bankruptcy court; and second, they do not consent to entry of final judgment by the bankruptcy court on non-core claims. Based on these premises, Defendants contend the reference should be withdrawn—either now or when the case is trial-ready.

Fraudulent transfer actions are statutorily defined as "core" proceedings under 28 U.S.C. § 157(b)(2)(H). Yet, following *Stern v. Marshall*, 564 U.S. 462 (2011), and *Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. 25 (2014), certain common-law claims are constitutionally non-core when asserted against non-consenting, non-creditor defendants. *In re Gray*, No. 1:22-MC-00080-DCN, 2022 WL 2238795, at 2 n.2 (D. Idaho June 22, 2022). In those circumstances, a bankruptcy judge may hear the matter and issue proposed findings of fact and conclusions of law for *de novo* review, but only an Article III judge may enter final judgment. *In re Bellingham Ins. Agency, Inc.*, 702 F.3d 553, 565 (9th Cir. 2012), *aff'd*, 573 U.S. 25 (2014).

MEMORANDUM DECISION AND ORDER - 3

Here, Defendants are non-consenting defendants in an adversary proceeding (Adv. Proceeding, Dkt. 8, ¶ 2) (denying consent). Therefore, they potentially retain a Seventh Amendment right to a jury trial on the Trustee's fraudulent transfer claims. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 36 (1989); *but see Davis v. Blast Props., Inc.*, No. 1:21-CV-00218-BLW, 2025 WL 1126539, at *4 (D. Idaho Apr. 15, 2025) (joining other courts in holding there is no jury trial right for fraudulent transfer claims when no money damages are available). Their potential jury trial right matters because a bankruptcy judge may not conduct a jury trial absent district court designation and the parties' express consent. 28 U.S.C. § 157(e);[1] *In re Dyer*, 322 F.3d 1178, 1194 (9th Cir. 2003). Accordingly, a jury trial, if required, must be held in the district court.

In this case, it appears beyond dispute that Defendants have waived any jury trial right they may have had. Defendants conceded as much before the bankruptcy court (Adv. Proceeding, Dkt 16). They acknowledged that their request was filed outside the fourteen-day period prescribed by Rule 38(b) of the Federal Rules of Civil Procedure (incorporated by Rule 9015 of the Federal Rules of Bankruptcy Procedure). Faced with that procedural bar, Defendants asked the bankruptcy court to exercise its discretion under Rule 39(b) to allow a late demand based on the Seventh Amendment right recognized in *Granfinanciera*.

---

[1]      In full, 28 U.S.C. § 157(e) provides:

> If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties.

MEMORANDUM DECISION AND ORDER - 4

In making that request, Defendants disregarded binding Ninth Circuit precedent and relied on non-binding authority from other circuits. In the Ninth Circuit, under Rule 39(b), "[a]n untimely request for a jury trial must be denied unless some cause beyond mere inadvertence is shown." *Pac. Fisheries Corp. v. HIH Cas. & Gen. Ins., Ltd.*, 239 F.3d 1000, 1002 (9th Cir. 2001). Defendants offer no explanation for their failure beyond inadvertence. Their assertions that jury trials are fundamental; no prejudice exists; and the case remains in its early stages are insufficient. Defendants also suggest they orally communicated their desire for a jury during a July 11, 2025, conference. No record substantiates that claim, and even if it were true, jury demands must be made in writing. Fed. R. Civ. P. 38(b).

Finally, even if a jury right existed, the Ninth Circuit has made clear that it would not require immediate withdrawal. In *In re Healthcentral.com*, 504 F.3d 775, 787 (9th Cir. 2007), the court held that a bankruptcy court may retain jurisdiction over all pretrial matters—including discovery and dispositive motions—without violating the Seventh Amendment. This approach promotes judicial efficiency while preserving Article III protections. *See In re Gray*, 2022 WL 2238795; *In re Noriyuki*, No. 4:25-CV-00421-BLW, 2025 WL 2733604 (D. Idaho Sept. 25, 2025).

Defendants' remaining argument for withdrawal of reference is straightforward: They refuse to consent to entry of a final order by the bankruptcy court. (Adv. Proceeding, Dkt. 8, ¶ 2). That refusal alone, however, does not necessitate immediate withdrawal. The bankruptcy court may continue to preside over this case through pretrial proceedings, issue proposed findings and conclusions under § 157(c)(1), and, when the case is ready for trial, certify it to this Court for withdrawal of the reference.

MEMORANDUM DECISION AND ORDER - 5

**B.      Efficiency, Cost, Delay, and Uniformity**

The bankruptcy court's familiarity with HMH Construction's underlying Chapter 7 case and related adversary proceedings favors keeping the case there for pretrial management. That court is uniquely positioned to coordinate discovery, address pretrial motions, and ensure uniform administration of the bankruptcy estate. Although duplicative review by this Court may create some additional cost or delay, those risks are outweighed by the efficiencies gained from the bankruptcy court's existing oversight.

**C.      Prevention of Forum Shopping**

Defendants filed their motion early and on legitimate constitutional grounds. The Court finds no evidence of forum shopping. This factor is therefore neutral.

## CONCLUSION

The Court finds permissive withdrawal appropriate, but only upon certification that the case is ready for trial. Until then, the bankruptcy court shall retain jurisdiction over all pretrial matters, including discovery, motion practice, and case management.

## ORDER

**IT IS ORDERED that**:

1.  Defendants' Motion to Withdraw the Reference (Dkt. 1) is **GRANTED IN PART**. The Court will withdraw the reference when the bankruptcy court certifies that this adversary proceeding is ready for trial.

2.  Until that certification, the bankruptcy court shall retain full authority over pretrial matters, including discovery, pretrial conferences, and the resolution of both routine and dispositive motions.

**MEMORANDUM DECISION AND ORDER - 6**

3.  If a dispositive motion is filed, the bankruptcy court may hear the motion and issue proposed findings of fact and conclusions of law for this Court's *de novo* review and final disposition.

4.  Upon certification that the case is trial-ready, the reference will be withdrawn and the case set for trial before the undersigned.

DATED: November 14, 2025

Amanda K. Brailsford
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 7